**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES, ex rel**
**MICHAEL BRANIGAN**

    **Plaintiff,**

**v.**              **5:02-CV-217**
                **(NAM/GJD)**

**BASSETT HEALTHCARE NETWORK,**
**MARY IMOGENE BASSETT HOSPITAL,**
**ANDREW RAUSCHER, M.D.,**
**JAMES ANANIA, M.D.,**
**PETER GENCARELLI, M.D.,**
**JONATHAN GREENBERG, M.D.,**
**TIMOTHY LANE, M.D.,**
**WILLIAM LEE, M.D.,**
**EDWARD PALMER, M.D.,**
**DEAN ROBINSON, M.D.,**
**MICHAEL NEWMAN, M.D.,**
**and other unknown defendants Does 1-20,**

    **Defendants.**
_____

**APPEARANCES:**        **OF COUNSEL:**

Boies, Schiller & Flexner LLP    David S. Stone, Esq.
150 JFK Parkway, 4th Floor
Suite 100
Short Hills, NJ 07078

Pillsbury Winthrop Shaw Pittman LLP   Leo T. Crowley, Esq.
1540 Broadway
New York, NY 10036

Hon. Norman A. Mordue, D.J.:

**MEMORANDUM-DECISION AND ORDER**

**I.**  **INTRODUCTION**

   On February 19, 2002, plaintiff Michael Branigan filed this *qui tam* action under seal in

accordance with the provisions of the False Claims Act ("FCA"), codified at 31 U.S.C. §§ 3729, *et seq*., as a relator on behalf of the United States of America.  On March 6, 2003, the complaint was unsealed and on March 10, 2003, the United States filed its Notice of Election to Decline Intervention.  On May 5, 2003, plaintiff filed an amended complaint and served defendants. Presently before the Court is defendants' motion to dismiss the amended complaint, or, in the alternative, for partial summary judgment.  Plaintiff opposes defendants' motion.

## II.     BACKGROUND

According to the amended complaint, the defendant hospitals and anesthesiologists submitted false and fraudulent claims to Medicare for the provision of anesthesia services which they did not perform.  The claims contained in the amended complaint pertain to general anesthesia cases where the patient is intubated and extubated and a general anesthetic is introduced into the patient to desensitize him or her to the pain of surgery, and to monitored anesthesia cases where the patient receives a local anesthetic and is carefully monitored by the anesthesia provider.  Plaintiff, who was the acting chief certified registered nurse anesthetist ("CRNA") and manager of the anesthesiology department at defendant Bassett Heathcare, asserts that defendants submitted bills to Medicare for prescribing the anesthesia plan, choosing the anesthesia, injecting the anesthesia, monitoring the patient, and intubating and extubating patient, even when they had not met the patient, were not in the operating room during surgery, and were not present when the patient emerged from the anesthesia at the end of surgery.  Plaintiff claims that he witnessed these practices daily, and that the defendant anesthesiologists told him that it was their custom and practice to assign CRNAs to perform anesthesia services in the rooms instead of anesthesiologists.  In short, plaintiff claims to have "personal knowledge" that the defendant anesthesiologists did not perform the services they were billing for and that those

2

services were performed instead by nurses trained in anesthesia.  The amended complaint alleges defendants submitted to Medicare fraudulent bills for medical direction of an anesthesia procedure, personal performance of an anesthesia procedure, and medical supervision of an anesthesia procedure.

**Medical Direction**

According to the amended complaint, between 1991 and 2001, Medicare regulations required an anesthesiologist to perform seven steps in order to qualify for billing for medical direction of an anesthesia procedure:

a.      Performs a pre-anesthesia examination and evaluation;

b.      Prescribes the anesthesia plan;

c.      Personally participates in the most demanding procedures of the anesthesia plan including induction and emergence;

d.      Ensures that any procedure in the anesthesia plan that he or she does not perform are performed by a qualified anesthetist;

e.      Monitors the course of anesthesia administration at frequent intervals;

f.      Remains physically present and available for immediate diagnosis and treatment of emergencies; and

g.      Provides indicated post-anesthesia care.

42 C.F.R. § 405.552(a).  Plaintiff claims that the defendant anesthesiologists failed to satisfy subsections (a), (b), (c), (e), and (f) and that as a result defendants submitted approximately 2,400 Medicare claims a year falsely certifying they had performed anesthesia procedures.

**Personal Performance**

Plaintiff also claims that defendants sought reimbursement for personally performing

anesthesia procedures, but that they did not satisfy the Medicare reimbursement requirements for personal performance.  Citing 42 C.F.R. § 414.46, the amended complaint avers that in order to be reimbursed for personally performing an anesthesia procedure, the anesthesiologist must either: (1) "personally perform the entire anesthesia procedure"; or (2) be continuously involved in a single case involving a [CRNA], and anesthesiologist assistant . . . or a student nurse anesthetist".  Am. Compl. ¶ 28.

**Medical Supervision**

Plaintiff claims that in a "small percentage" of instances, the defendant anesthesiologists submitted claims for reimbursement for medically supervising concurrent anesthesia procedures. In these situations, the anesthesiologist must still perform the seven steps outlined above. According to the amended complaint, however, defendants submitted bills to their Medicare carrier certifying that the "named physician anesthesiologist satisfied all of the requirements necessary for reimbursement by Medicare."  The amended complaint alleges that, CRNA nurses actually performed the services in each anesthesia procedure performed at defendant hospitals. As a result, plaintiff asserts, defendants submitted approximately 24,000 fraudulent claims over a ten year period.

The amended complaint advances three Counts.  Count one alleges that defendants presented or caused to be presented to officers or employees of the United States government, false or fraudulent claims for payment of approval in violation of 31 U.S.C. § 3729(a)(1).  Count two alleges that defendants made, used, or caused to be made or used false records or statements to get false or fraudulent claims paid or approved by the government in violation of 31 U.S.C. § 3729(a)(2), including anesthesia records that falsely represent defendant anesthesiologists medically directed said procedures.  Count three alleges that defendants and their agents

4

conspired to defraud the government by obtaining or seeking to obtain allowance and payment of false or fraudulent claims allowed or paid in violation of 31 U.S.C. § 3729(a)(3).

## III.   DISCUSSION

Defendants move to dismiss the complaint, or, in the alternative, for partial summary judgment, on the following grounds: (1) the complaint contains conclusory allegations which do not satisfy Fed. R. Civ. P. 9(b)'s requirements that averments of fraud be pled with specificity; (2) claims concerning Medicare bills paid prior to February 1996 and the conspiracy claim alleged in count three are time-barred; (3) claims concerning Medicare bills paid between February 1996 and May 1997 are also time-barred; (4) the amended complaint alleges no actionable false claims from 1998 forward because the alleged fraud had no effect on the amount of Medicare reimbursement; and (5) the medical supervision claims fail to state a claim.

### A.   Rule 9(b)

To state a claim under 31 U.S.C. § 3729(a)(1) of the FCA, the plaintiff:

must show that defendants (1) made a claim, (2) to the United States government, (3) that is false or fraudulent, (4) knowing of its falsity, and (5) seeking payment from the federal treasury.

. . .

This notion also applies to subdivisions (2) & (3) of 31 U.S.C. § 3729(a). The former prohibits a party from knowingly using or making "a false record or statement *to get a false or fraudulent claim paid or approved* by the Government," while the latter prohibits conspiring "to defraud the Government by getting a false or fraudulent claim allowed or paid". The language of these provisions plainly links the wrongful activity to the government's decision to pay.

*Mikes v. Straus*, 274 F.3d 687, 695-96 (quoting 31 U.S.C. § 3729(a)(2) and § 3729(a)(3)). The FCA defines the term "claim" to mean "any request or demand, whether under a contract or otherwise, for money or property . . . if the United States Government provides any portion of the

money or property which is requested or demanded."  31 U.S.C. §3729(c).

  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.   Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."  Fed.R.Civ.P. 9(b).  "Rule 9(b) is designed to further three goals: (1) providing a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits."  *DiVittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir. 1987). Claims brought under the FCA "fall within the express scope of Rule 9(b)."  *Gold v. Morrison-Knudsen Co.,* 68 F.3d 1475, 1477 (2d Cir. 1995).  To satisfy Rule 9(b), the averments must: "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'"  *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)); *see also Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 95 (2d Cir. 2001) ("We have explained that this standard imposes an obligation on plaintiff to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'") (quoting *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989)).  As a general rule, therefore, Rule 9(b) pleadings cannot be based upon information and belief.  *See id.*; *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972).  There is a recognized exception to this rule where facts are peculiarly within the opposing party's knowledge; in such event the allegations must be accompanied by a statement of the facts upon which the plaintiff's belief is based.  *See DiVittorio*, 822 F.2d at 1247; *Luce v. Edelstein*, 802 F.2d 49, 54, n.1 (2d Cir. 1986); *Segal*, 467

F.2d at 608.

Defendants argue that the amended complaint fails to inform each individual defendant of the nature of his alleged participation in the fraud.  The amended complaint refers to "defendants", "defendant anesthesiologists", or "defendant hospitals" but nowhere identifies a particular procedure in which an individual defendant was involved or for which an individual defendant billed Medicare despite his failure to comply with Medicare regulations.  The amended complaint names the defendants in the caption, and further identifies each defendant in paragraphs 8 through 18, but, with the exception of defendant Rauscher, does not otherwise identify defendants by name.  As to defendant Rauscher, the complaint alleges:

> In particular, Chief of the Anesthesia Department defendant Rauscher, on a periodic basis gathered anesthesia records and instructed anesthesiologists to sign those records long after the fact even though, in many cases, those anesthesiologists had not only never been in the operating room but not even on the floor and submitted by defendant Rauscher on behalf of defendant Bassett Healthcare in order to maximize the reimbursement to defendants from Medicare without regard to the actual truth of who had, in fact, provided the services.  Relator is aware of memoranda that were submitted which document this process.

Am. Compl., ¶ 34.  This assertion against defendant Rauscher, however, contains no specifics, but rather, it generalizes defendant Rauscher's alleged conduct with regard to the submission of approximately 24,000 claims to Medicare and the alleged FCA conspiracy.

Plaintiff argues that the amended complaint contains representative examples as to each defendant's submission of false claims and thus satisfies Rule 9(b)'s particularity requirements.  The examples in paragraph 38 of the amended complaint, however, do not identify which defendant anesthesiologist submitted the allegedly fraudulent bill.  The examples refer to a Medicare billing number which plaintiff claims identifies the anesthesiologist who submitted the bill.  Plaintiff asserts that defendants should be "intimately familiar" with their "Medicare billing

7

numbers".

The amended complaint, however, provides no means of linking any of the defendant anesthesiologists to the bills. The amended complaint does incorporate by reference computer discs which plaintiff claims contain "every bill submitted by the defendants to Medicare during the relevant time period which is alleged to be fraudulent." Plaintiff avers that these discs have been supplied to defendants and that the only reason he set forth defendants' provider numbers instead of their names was to protect their "confidentiality". These computer discs, however, have not been provided to the Court. The Court therefore has no way of linking the billing numbers to the individual defendants or ascertaining whether the computer discs provide adequate notice to defendants. Moreover, the amended complaint contains no allegations regarding the defendant hospitals' involvement in the alleged fraud, other than that the anesthesia procedures at issue were performed at the "defendant hospitals". These allegations fail to meet the specificity requirements of Rule 9(b).

Although it is permissible to make an allegation "upon information and belief" in a complaint alleging fraud so long as the plaintiff also alleges that the information is "peculiarly within the opposing party's knowledge," and offers "a statement of the facts upon which the belief is based", *DiVittorio*, 822 F.2d at 1247, plaintiff does not claim that the identities of the named defendants and their involvement in particular alleged frauds is within defendants' knowledge. As discussed above, plaintiff claims to have personal knowledge of which defendant anesthesiologist is responsible for each allegedly fraudulent claim as well as proof of such claims in his possession, thus this exception does not apply.

Defendants also argue that the bills listed as examples of the alleged false claims in paragraph 38 of the amended complaint fail to meet the requirements of Rule 9(b) because the

8

amended complaint does not provide any specifics as to how those particular bills were fraudulent, which Medicare regulations they did not meet, and "thus provides no theory of his case against the challenged bills to which the defendants may respond."  Def's Mem. of Law, p.13.

In opposition, plaintiff argues that because the alleged fraudulent bills are voluminous, he selected certain instances of fraudulent billing for personal performance, medical direction, and medical supervision to set forth as examples in the amended complaint.  One example is as follows: Date of Procedure[] Associated with False Claims - 11/03/96, Doctor With Provider Number - 70316U, Personal Performance Bills and Payments - Falsely billed Medicare for personally performing 2 procedures and were paid $459.91 by the carrier.  Even assuming pleading by example in a case were there are numerous allegedly fraudulent claims is appropriate,[1] these examples do not contain the specificity required of allegations of fraud because they do not indicate, as discussed above, who made the statement, or advance any explanation as to why that bill, in particular, was fraudulent.  Thus, plaintiff's argument is unavailing.  Accordingly, defendants' motion to dismiss the amended complaint pursuant to Rule 9(b) for failure to plead fraud with particularity is granted.

**B.    Remaining Arguments**

In view of the Court's disposition of defendant's motion, the Court need not reach defendants' remaining arguments.  Further, in view of  Rule 15(a)'s command to grant leave to

---

[1] Plaintiff relies on *United States ex rel. Minnesota Ass'n of Nurse Anesthetists v. Allina Health Syst. Corp.*, 4-96-734, 1997 U.S. Dist. LEXIS 21402 at *33 (D.Minn. March 3, 1997), a case which plaintiff's counsel indicates that he litigated in the State of Minnesota, for this proposition.  *See id.* (holding that a relator "must provide some representative samples of the fraud which detail the specifics of who, where and when.").

amend a complaint freely, the Court grants defendants' motion to dismiss the amended complaint without prejudice to repleading in compliance with Rule 9(b) of the Federal Rules of Civil Procedure within thirty (30) calendar days of the date of this Memorandum-Decision and Order.

**IV.      CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss the amended complaint pursuant to Rule 9(b) for failure to plead fraud with particularity is **GRANTED**; and it is further

**ORDERED** that the amended complaint is **DISMISSED without prejudice to repleading within thirty (30) calendar days** of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that defendants' motion to dismiss, or, in the alternative, for partial summary judgment is otherwise **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATE:  November 29, 2005

Norman A. Mordue

U.S. District Judge